# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JERRI LYNN ORR,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. C18-4097-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. *See* Doc. No. 16. Judge Roberts recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying Jerri Lynn Orr's application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381 et seq. Orr has filed timely objections. *See* Doc. No. 17. The Commissioner has not filed a response.

## II.    APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir.

2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  THE R&R

Orr alleges disability beginning March 10, 2010, due to fibromyalgia, herniated disks and spinal stenosis. Doc. No. 16 at 1-2 (citing AR 264, 287). She applied for SSI on October 20, 2015. *Id.* An administrative hearing was held on November 21, 2017. *Id.* (citing AR 13, 171-87). Orr (who was unrepresented) and a vocational expert (VE) testified. Following the hearing, Orr submitted additional evidence. The ALJ accepted some evidence but rejected other evidence as cumulative of evidence already in the record. *Id.* at 2 (citing AR 14). On May 16, 2018, the ALJ issued a written opinion finding Orr was not disabled since October 20, 2015. *Id.* (citing AR 13-25).

The ALJ concluded Orr had severe impairments of degenerative disc disease of the lumbar spine, fibromyalgia and obesity. *Id.* at 5 (citing AR 16). He found that none of the impairments (singly or in combination) met or medically equaled the severity of a listed impairment. *Id.* (citing AR 19). The ALJ determined Orr had the residual functional capacity (RFC) to perform sedentary work with the following additional limitations:

> She cannot climb ladders, ropes, and scaffolds, but can perform other postural maneuvers, like balancing and stooping, on an occasional basis; and she should not be exposed to hazards, like unprotected heights and dangerous, moving machinery.

*Id.* at 6 (citing AR 19-20).

The ALJ found Orr had no past relevant work and concluded she could perform other work available in significant numbers in the national economy, including document preparer, telemarketer and appointment clerk. *Id.* (citing AR 23-24). The ALJ therefore concluded Orr was not disabled. This became the final decision of the Commissioner

when the Appeals Council denied Orr's request for review on November 27, 2018. *Id.* at 23 (citing AR 1-5).[1]

Orr argues the ALJ failed to: (a) properly develop the record at the hearing; (b) properly evaluate her subjective complaints; (c) give proper weight to the opinions of treating medical providers and (d) rely on a hypothetical supported by the record. With regard to development of the record, Orr argues that the ALJ failed to collect in-depth testimony from Orr or the vocational expert (VE). *Id.* at 8 (citing Doc. No. 12 at 5). Judge Roberts noted the ALJ gave Orr the opportunity to tell him anything she wanted him to know that he did not ask about. *Id.* (citing AR 181). Orr also had the opportunity to ask the ALJ any questions. *Id.* (citing AR 186). The ALJ further held the record open to give Orr the opportunity to submit any missing medical records before he issued his decision. *Id.* (citing AR 186-87). Judge Roberts reasoned that Orr does not assert any evidence is missing from the record, does not proffer any questions that the ALJ should have asked or testimony he should have solicited and does not assert that she was precluded from testifying about any issues at the hearing. *Id.* at 9. She also does not argue she was prejudiced by how the ALJ developed the record. *Id.* (citing *Onstad v. Shalala*, 999 F.3d 1232, 1234 (8th Cir. 1993)). He concluded the ALJ properly developed the hearing record.

With regard to her subjective complaints, Orr notes that the ALJ acknowledged that she has good days and bad days but contends the ALJ did not provide a thorough analysis as to how this variability affects her ability to work on a full-time basis. *Id.* at 10-11. Orr also contends the ALJ cannot rely on daily activities such as cooking, cleaning or hobbies as substantial evidence that she can perform full-time work. *Id.* (citing Doc.

---

[1] As Judge Roberts noted, Orr submitted additional evidence with her request for Appeals Council's review, but the Appeals Council rejected that evidence. *See* Doc. No. 16 at 2 (citing AR 1-5). The Appeals Council found some of the newly submitted treatment records were already part of the record and the other medical records did not show a reasonable probability that they would change the outcome of the ALJ's decision. *Id.*

5

No. 12 at 11). Judge Roberts concluded the ALJ did not rely solely on Orr's daily activities to conclude she was able to engage in substantial gainful activity. Indeed, the ALJ stated:

> While the claimant's ability to engage in these ordinary life activities is not itself conclusive proof that she is also able to engage in substantial gainful activity, her capacity to perform these tasks independently is a strong indication that she retains the capacity to perform the requisite physical and mental tasks that are part of everyday, basic, work activity. That indication is further supported by the objective medical signs and findings discussed in more detail below.

*Id.* (quoting AR 20). Judge Roberts noted the ALJ then discussed the objective medical evidence and treatment notes in the record. *Id.* at 11-12. He concluded the treatment notes cited by the ALJ support the ALJ's findings and that the ALJ did not rely solely on Orr's daily activities to make his RFC determination. The ALJ also relied on the objective medical evidence, opinion evidence and hearing testimony. *Id.* at 12-13.

With regard to the ALJ's consideration of good days and bad days, Judge Roberts concluded that this factor did not justify a finding of disability. He compared Orr's case to *Ross v. Apfel*, 218 F.3d 844, 847 (8th Cir. 2000), which involved more extreme differences between good and bad days – including staying in bed all day or visiting the emergency room on the claimant's worst days. *Id.* at 13. In Orr's case, her bad days involve tasks taking longer than usual. She generally had normal findings on examination and physicians noted she appeared in "no acute distress" even when she reported pain as 10 out of 10. Judge Roberts acknowledged that a claimant need not be bedridden to be considered disabled but found that the record as a whole supported the ALJ's decision to conclude that Orr's subjective complaints were not entirely credible and did not establish disability in light of other evidence in the record.

With regard to the opinions of Orr's treating providers, Orr argues the ALJ substituted his opinion for those of the treating physicians and drew inappropriate inferences from the medical records. *Id.* at 15 (citing Doc. No. 12 at 7-8). Judge Roberts

6

concluded the ALJ did not make his own inferences but relied on the extensive treatment notes, opinions of four state agency medical consultants, a consulting psychologist and Orr's chiropractor and rheumatologist to render his decision. *Id.* Judge Roberts found the ALJ gave good reasons for not giving full weight to the opinions of the chiropractor and rheumatologist. He explained that a chiropractor is not an acceptable medical source and his opinions were not supported by the record. He also pointed out that the rheumatologist's opinion consisted of one sentence and did not include any function-by-function limitations. *Id.*

As for the state agency medical consultants, Judge Roberts noted the ALJ gave their opinions great weight, but included additional limitations based on other credible evidence in the record. *Id.* at 16. Finally, with regard to the consulting examining psychologist, Dr. Baker, Judge Roberts noted the ALJ gave his opinion significant weight and found that the record supported Dr. Baker's opinion as to Orr's mental functioning. *Id.* at 20. Judge Roberts agreed with the ALJ's assessment that Orr's post-surgical restrictions from March and April 2016 were temporary. She was released to usual activities with no restrictions by June 2016. *Id.*

Overall, Judge Roberts found the ALJ gave the medical opinions in the record appropriate weight and considered the medical treatment notes, radiographic imaging, Orr's daily activities and her testimony to reach his RFC determination. The only evidence Orr cites in contradiction to the ALJ's RFC determination is her own testimony, which Judge Roberts found was appropriately weighed by the ALJ. He concluded the ALJ's RFC determination is supported by substantial evidence in the record as a whole. *Id.* at 20-21.

Finally, with regard to the ALJ's hypothetical questions to the VE, Orr argues the questions were deficient because they assumed she could perform sedentary work and did not take into account that she had good days and bad days as well as chronic back pain. *Id.* at 21. She also contends the ALJ relied on assumptions regarding her lifting abilities and ability to sit or stand for long periods of time and did not adequately consider Dr.

Baker's conclusion that her pain would affect her ability to sustain attention, concentration and pace. *Id.* Judge Roberts concluded the ALJ accounted for Orr's chronic pain because he found her fibromyalgia and degenerative disc disease were severe impairments. *Id.* at 22. He did not find the ALJ necessarily ignored the fact that Orr has good days and bad days simply because the ALJ did not discuss it. *Id.* He noted the ALJ thoroughly evaluated Orr's allegations of pain and properly concluded that substantial evidence did not support the severity of pain alleged by Orr. *Id.*

Judge Roberts also explained that Dr. Baker opined that Orr had the mental RFC to succeed in a work environment and that any of his opinions related to Orr's pain were based on Orr's self-reports. Moreover, Dr. Baker's opinions about the effect of Orr's physical impairments on her mental functioning were not entitled to great weight given that they are outside his area of expertise and Dr. Baker himself deferred to Orr's physicians regarding the severity of her pain. Judge Roberts concluded the ALJ's hypothetical question matching the RFC determination was supported by substantial evidence. *Id.* He recommends affirming the Commissioner's decision.

## IV. DISCUSSION

Orr makes the following objections to the R&R:

- The ALJ erred in failing to fully develop the record

- The ALJ relied on his own medical opinions as to Orr's capacity to perform work

- The ALJ incorrectly evaluated Orr's credibility even though the testimony is consistent with her doctors' opinions

- The ALJ relied on a hypothetical question that was not supported by the record

Doc. No. 17.

## A.     *Development of the Record*

Orr argues the ALJ failed to fully develop the record with regard to Orr's testimony at the hearing. Doc. No. 17 at 5. She contends the ALJ should have asked more questions related to physical problems of pain associated with her degenerative disease and fibromyalgia, migraines, sleep apnea, depression and anxiety. She argues the ALJ should have inquired about the factors listed under 20 C.F.R. § 404.1429(c)(3) related to her pain, including the nature, location, onset, duration, frequency, radiation, intensity and precipitating and aggravating factors we well as questions related to her medication. *Id.* at 6. She also argues the record was inadequate regarding her ability to sit, stand and walk and the ALJ should have asked more specific questions related to Orr's abilities in these areas. *Id.* at 7-8. She asserts the ALJ's open-ended question about Orr's daily activities was insufficient and that simply asking Orr if she had anything to add does not excuse the ALJ's duty to develop the record. *Id.* at 8.

As Judge Roberts noted, Orr's complaints regarding the ALJ's duty to develop the record are limited to the hearing. *See* Doc. No. 16 at 8. Judge Roberts cited the appropriate standards for the ALJ's duty, noting the duty is enhanced when the claimant is not represented by counsel, *see Cox v. Apfel*, 160 F.3d 1203, 1209 (8th Cir. 1998), and that the length of the hearing is a non-determinative consideration. *See* Doc. No. 16 at 8 (citing *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994)). Moreover, Judge Roberts correctly noted the relevant inquiry is whether Orr "was prejudiced or treated unfairly by how the ALJ did or did not develop the record." *Id.* (quoting *Onstad v. Shalala*, 999 F.3d 1232, 1234 (8th Cir. 1993)).

Orr was unrepresented at the hearing and her testimony covers eight pages of the 19-page transcript of the hearing. AR 174-182. The ALJ asked about her past work; the medication she takes; how often she sees her doctors and chiropractor; when she had surgery; how long she is able to walk, stand and sit at a time; whether she is able to bend or squat; whether she has any problems using her hands; how much she can lift; who she lives with; how much she sleeps; her daily activities, including specifically whether she

9

does any chores around the house or goes grocery shopping; and how frequently she has experienced episodes of syncope. AR 174-79. He also verified the medical records that had been submitted and identified any records that were missing. AR 18-82. Finally, he asked Orr if there was anything about her condition that had not been asked but that Orr felt the ALJ should know about. AR 181. The ALJ then took testimony from the VE. AR 182-87.

The ALJ fulfilled his duty to develop the hearing record. His questions reflect an intention to determine what Orr could do despite her limitations. While the ALJ could have gone more in-depth, I find that his questions resulted in a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 803-31 (8th Cir. 1994) ("the ALJ is not required to function as the claimant's substitute counsel but only to develop a reasonably complete record."). Indeed, many of the additional topics and questions Orr claims should have been covered at the hearing are available in other parts of the record, including Orr's function reports and the medical records. Moreover, as Judge Roberts noted, Orr does not demonstrate any prejudice as a result of the hearing testimony and she was given an open opportunity to tell the ALJ anything she wanted him to know about her condition that had not been covered at the hearing. This objection is overruled.

B.     *Medical Evidence in Support of RFC*

Orr argues the ALJ erred by: (1) rejecting the opinions of treating medical providers and (2) making his own medical inferences regarding Orr's ability to work. Doc. No. 17 at 9. Orr raised the same arguments in her principal brief and makes no new arguments disagreeing with the R&R. Specifically, Orr takes issue with the ALJ giving Dr. Nahas' opinion less than full weight because it was not a medical opinion. *Id*. at 10. She also argues the ALJ should have given greater weight to her treating chiropractor because his opinions support Orr's testimony. She disagrees with the ALJ's labeling of her post-surgical restrictions as "temporary," but does not say why. *Id*. at 11. Finally, she takes issue with the ALJ accepting the opinions of the state agency

medical consultants as to some limitations but rejecting them as to others. She observes the state agency medical consultants reviewed only part of the medical records and did not hear her testimony. She argues the ALJ should have weighed Dr. Baker's opinion against these opinions. Overall, she contends the ALJ's decision is not supported by medical evidence and that the ALJ substituted his judgment for that of the medical professionals. *Id.* at 11-12.

With regard to Dr. Nahas' opinion, the ALJ is correct that it is not a medical opinion. The opinion states in full: "It is my professional medical opinion that Jerri Orr has fibromyalgia and this is life long." AR 587. The Social Security Administration regulations provide: "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927.[2] The ALJ found Orr's fibromyalgia was a severe impairment. There is nothing more to take away from this opinion and the ALJ did not err in declining to give it great weight in determining disability.

With regard to Orr's chiropractor, Dr. G.L. Tapper, Judge Roberts correctly noted that he submitted two statements and that the ALJ did not give his opinions significant weight because: (1) chiropractors are not acceptable medical sources under the regulations and (2) his opinions were not supported by his own records or other objective evidence, which demonstrated only mild abnormalities. Doc. No. 16 at 17 (citing AR 23). The ALJ's first reason is a good reason. *See* 20 C.F.R. § 416.913(a) (listing acceptable medical sources as licensed physicians and osteopathic doctors; licensed or certified psychologists; licensed optometrists; licensed podiatrists; and qualified speech language pathologists). Chiropractors are considered "other medical

---

[2] Because Orr's claim was filed prior to March 27, 2017, this rule applies, rather than section 416.920c. The pre-March 27, 2017 regulations will be applied throughout this order.

11

sources" and their opinions may reflect judgment about the same issues addressed in opinions from acceptable medical sources such as symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions. *See* Social Security Ruling (SSR) 06-03p, 71 Fed. Reg. 45,593 (Aug. 9, 2006). Their opinions are not entitled to controlling weight and should be evaluated based on the following factors:

- How long the source has known and how frequently the source has seen the individual;

- How consistent the opinion is with other evidence;

- The degree to which the source presents relevant evidence to support an opinion;

- How well the source explains the opinion;

- Whether the source has a specialty or area of expertise related to the individual's impairment(s), and

- Any other factors that tend to support or refute the opinion.

20 C.F.R. § 416.927(c).

With regard to the ALJ's second reason (lack of support from his own records or other objective evidence), Orr argues Dr. Tapper's opinions were consistent with her own testimony. Given that the ALJ found that Orr's subjective allegations were not fully credible (as addressed below), this is not a good argument as to why the ALJ should have given Dr. Tapper's opinions greater weight. Moreover, it completely ignores the ALJ's stated reason – lack of support from Dr. Tapper's own records and the objective evidence. That reason is supported by substantial evidence.

Dr. Tapper's first opinion is dated November 18, 2015. AR 452-53. After listing the dates of her office visits, subjective findings, MRI results, description of treatment, prognosis and recommended future treatment, he described the following limitations:

Lifting and carrying – limited to 5 lbs. and not on a very limited basis

> Standing, walking and sitting – unable to sit or stand for prolonged periods
>
> Stooping, climbing, kneeling and crawling would not be advised
>
> Handling, seeing, hearing and speaking no problems
>
> Traveling for short periods of time would be ok
>
> Work environment restrictions (dust, fumes, temperature, hazards) not recommended in this case

AR 453. His second opinion is dated April 16, 2018, and states:

> The above captioned patient has a long history of lower back pain and problems.
>
> Patient has had a laminectomy and posterior decompression as well as a discectomy at L4-L5.
>
> Miss Orr continues to have recurrent lower back pain and neurologic pain the right lower extremity.
>
> Patient has pain on a daily basis as a result of her condition and impairment.
>
> Miss Orr is unable to lift over 5 lbs., and sitting or standing for prolonged periods would not be advisable in this case.
>
> Due to her lower back impairment it would be difficult for this patient to find employment.

AR 584. Dr. Tapper did not submit any treatment notes, records or any other form of evidence in response to the request for medical documentation or to support his opinions. *See* AR 450-51. The degree to which a source presents relevant evidence to support an opinion, or how well a source explains an opinion, are relevant factors in deciding how much weight to give an "other medical source" opinion. *See* 20 C.F.R. § 416.927(c). The lack of support from Dr. Tapper's own records is a good reason for not giving his opinions significant weight.

The lack of support from other objective evidence is also a good reason that is supported by substantial evidence in the record as a whole. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) ("In determining what weight to give 'other medical evidence,' the ALJ has more discretion and is permitted to consider any inconsistencies found within the record."). The treatment notes do not support the significant limitations identified by Dr. Tapper. *See, e.g.*, AR 404 (noting on 1/28/2015 pain was worse sitting and lying and better standing and walking); AR 427 (noting on 10/20/2015 that she exercises two to three times per week by walking); AR 467 (noting on 4/1/2016 that after laminectomy performed on 3/14/2016 she was doing quite well with only some tingling down the legs and tightening and some spasms in the lower back and assigning a 15-pound lifting restriction with no repetitive bending, twisting or lifting);[3] AR 492 (noting on 5/6/2016 that she was doing well with a little bit of radicular pain down the leg but nothing like before the surgery and releasing her to normal activities with no restrictions). While the treatment records indicate Orr's back pain returned a few months after her back surgery, *see* AR 514-29, there is no indication her functioning worsened due to her pain and she declined injections that were offered to alleviate her pain. AR 514. The ALJ's RFC determination, which includes sedentary work (involving lifting/carrying up to 10 pounds occasionally and less than 10 pounds frequently, standing/walking up to 2 hours total and sitting 6 or more hours in an 8-hour workday), is supported by substantial evidence.

Finally, with regard to the opinions of the state agency consultants and consultative examiner, I find that the ALJ appropriately evaluated and weighed these opinions in making his RFC determination. While opinions of non-examining sources do not constitute substantial evidence, *see Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003), an ALJ does not commit reversible error when he or she undertakes an

---

[3] I agree with Judge Roberts that these were temporary restrictions related to Orr's back surgery and that the ALJ appropriately considered them in making his RFC determination.

independent review of the medical evidence and does not rely solely on the opinion of a non-examining source in determining a claimant's RFC. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). The fact that the ALJ found Orr to be more limited in some areas does not undermine his reliance on their opinions as to other limitations as long as the record supports those limitations. *See Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (finding that limitations identified by a nonexamining source did not have to be included if other evidence in the record did not support them). The ALJ gave great weight to the non-examining state agency consultants and the consultative examiner, Dr. Baker, but explained that evidence from the hearing, including Orr's testimony, demonstrated greater limitations associated with her ongoing back pain.

To the extent Orr argues the ALJ should have considered Dr. Baker's opinion as supportive of the state agency medical consultants' opinions as to Orr's physical impairments, I disagree. Dr. Baker was asked to evaluate Orr's mental impairments. To the extent he found her mental impairments could be impacted by her physical impairments, this finding was based on Orr's subjective complaints. As will be discussed below, the ALJ did not find her subjective complaints entirely credible. Moreover, the ALJ was entitled to give little weight to any comment made about Orr's physical impairments because such impairments are outside the scope of Dr. Baker's practice as a psychologist.

The ALJ's RFC determination is supported by substantial evidence in the record as a whole, including medical evidence and that the ALJ did not substitute his opinion for those of the medical professionals or draw any inappropriate inferences from the medical records. This objection is overruled.

### C. Orr's Credibility

Orr argues the ALJ's credibility determination is flawed because (1) he did not ask her questions related to the *Polaski* factors during the hearing, (2) did not analyze how

her good days and bad days would affect her ability to perform full-time work and (3) placed too much weight on her daily activities, which she notes are limited and do not demonstrate the ability to engage in full-time work. Doc. No. 17 at 13.

As noted above, I find no error with regard to the ALJ's development of Orr's testimony at the hearing. The ALJ is required to consider the *Polaski* factors in evaluating a claimant's credibility. He is not required to obtain a claimant's testimony as to each of those factors. The ALJ's decision demonstrates he considered the *Polaski* factors in evaluating Orr's credibility.

With regard to whether he adequately considered the fact that Orr experiences good and bad days, the ALJ acknowledged that Orr had normal findings on some medical examinations and abnormal findings on others. *See* AR 21-22. He concluded "the record generally demonstrates normal findings, with consistent notations that she is in no acute distress, even when she rates her pain level at 10 on a scale of 1 to 10." *Id.* at 22 (citing exhibits). In other words, even on her bad days, the ALJ found Orr would be able to work within the restrictions outlined in the RFC.

I also agree with Judge Roberts that the ALJ did not use Orr's daily activities to tip the scales in concluding she was not disabled. As Judge Roberts noted, the ALJ specifically explained:

> While the claimant's ability to engage in these ordinary life activities is not itself conclusive proof that she is also able to engage in substantial gainful activity, her capacity to perform these tasks independently is a strong indication that she retains the capacity to perform the requisite physical and mental tasks that are part of everyday, basic, work activity. That indication is further supported by the objective medical signs and findings discussed in more detail below.

AR 20. The ALJ then went on to discuss the objective medical evidence, treatment notes and opinion evidence. *Id.* at 21-23.

The ALJ's analysis demonstrates that he considered all of the *Polaski* factors in evaluating the credibility of Orr's subjective complaints and I find that analysis is supported by substantial evidence in the record as a whole. This objection is overruled.

D.  *Hypothetical Question to the VE*

Based on Orr's previous arguments, she contends the hypothetical to the VE did not include all of her limitations. *See* Doc. No. 17 at 15. She contends the ALJ relied on assumptions rather than evidence to come up with limitations of sedentary work and lifting up to 10 pounds. *Id.* at 16. She argues her pain affects her ability to sustain attention, concentration and pace and that her depression with good days and bad days indicates she would have difficulties with attendance and staying on task. She argues the VE's testimony supports that she could not be competitively employed when factoring in these considerations. Finally, she contends that the evidence submitted after the hearing (Exhibit 12F-18F)[4] contains additional limitations that should have been considered by the ALJ in developing the hypotheticals to the VE.

As Judge Roberts explained, a hypothetical question need only include those impairments that are supported by the record and that the ALJ accepts as valid. Doc. No. 16 at 21 (citing *Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000)). The ALJ's first hypothetical question to the VE encompassed the limitations the ALJ ultimately adopted for the RFC. *Id.* (citing AR 183-84). I agree with Judge Roberts that these limitations account for Orr's chronic pain and are supported by the record. *Id.* at 22. As previously discussed, Dr. Baker's opinions as to how Orr's physical impairments would affect her ability to maintain attention, concentration and pace are outside the scope of his practice and are based on Orr's subjective complaints, which the ALJ found were not fully credible. The ALJ also considered the fact that Orr experiences good days and

---

[4] These exhibits include medical records as well as Dr. Tapper's 2018 statement and Dr. Nahas' statement. *See* AR 29-30; 512-87.

17

bad days in making the RFC determination. The evidence submitted after the hearing does not demand greater limitations than those included in the RFC and hypothetical question. The ALJ's decision demonstrates that he considered those records in evaluating Orr's RFC and the ALJ's hypothetical question to the VE encompassed each of the RFC limitations. Both are supported by substantial evidence in the record as a whole. This objection is overruled.

## V.   CONCLUSION

For the reasons set forth herein:

1.   Plaintiff's objections (Doc. No. 17) to the Report and Recommendation (Doc. No. 16) are **overruled**.

2.   I **accept** the Report and Recommendation **without modification**. *See* 28 U.S.C. § 636(b)(1).

3.   Pursuant to Judge Roberts' recommendation:

   a.   The Commissioner's disability determination is **affirmed**; and

   b.   Judgment shall enter against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 24th day of March, 2020.

_____
Leonard T. Strand, Chief Judge